**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                      Case No. 6:10-cr-82-Orl-31DAB

**ROBERT A. HOWARD, JR.**

---

**ORDER**

This matter comes before the Court on the Defendant's Motion to Dismiss the Indictment (Doc. 38) and the Government's response (Doc. 45). The Defendant entered pleas of no contest to state charges of sexual battery and possession of child pornography. He served a four-year sentence and was released. Some months after his release, he was indicted on federal charges of receipt and possession of child pornography, based on essentially the same conduct that led to the state prosecution.

Howard concedes that, as a general matter, a conviction or acquittal on state charges does not bar a subsequent federal prosecution based on the same conduct. However, Howard seeks dismissal of the indictment on collateral estoppel grounds. He argues that this federal prosecution violates a principle enunciated in *Bartkus v. Illinois*, 359 U.S. 121 (1959), barring a second prosecution where the sovereign conducting the first was acting as the tool of the sovereign conducting the second, or where the second prosecution amounts to a "sham and cover" for the first. The Government responds that the *Bartkus* language that the Defendant seeks to rely upon is mere dicta, and that neither the

Supreme Court nor the United States Court of Appeals for the Eleventh Circuit has ever held that such an exception exists.

After reviewing the parties' papers, the Court finds that it need not decide whether there is such an exception, because the Defendant has failed to establish a *prima facie* case that the state prosecutors were acting as tools of the federal prosecutors, or that the instant case is a "cover" for a sham initial prosecution. At best, the Defendant's evidence suggests a minimal amount of cooperation between the two sovereigns. (Mostly, the evidence just shows communication between state and federal investigators and prosecutors.) There is no evidence that one sovereign was directing the activities of the other, or anything that would suggest that the (purported) *Bartkus* exception might preclude the instant prosecution. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss the Indictment (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 4, 2010.

    _____
    **GREGORY A. PRESNELL**
    **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Robert A. Howard, Jr.